Good morning, Your Honors, and may it please the Court, Rory McHale, Federal Defenders, here on behalf of the Appellant, Ms. Irma Reyes-Solosa. The issue here is straightforward. Can a district judge sue Sponte, continue a sentencing hearing for the sole purpose of ensuring that that court can impose a sentence consecutive to that sentence in an unrelated criminal case? So if that issue is straightforward and it is a revocation hearing, what rule do I go to? Your Honor, as to that issue, the rule that we would look to is Rule 32 of the Federal Rules. Point one. Why not point one? Well, 32. It seems to me like Whitlock is right on. Your Honor, I agree that Whitlock is right on, and in that case, this Court said that to the extent that Rule 32.1 is silent, as to the procedural requirements governing supervised release, that the Court should look to Rule 32. Right, and so if I look at Rule 32.1, it isn't silent at all. It says, and I quote, within a reasonable time. That's correct, Your Honor, but in this case, well, first of all, Rule 32.1 is referring to the time for revocation proceedings. It's referring to all revocation proceedings, as I understand it, that have to do with not only the hearing, but the sentencing. That's what Whitlock tells me. Well, Your Honor, I respectfully disagree that there's any acknowledgment of the sentencing issues in Rule 32.1. Why did they add the requirement of allocution in 32.1? Allocution would only be at a sentencing, and so when the committee added that term, that requirement, why doesn't that make that the entire revocation proceeding, including sentencing? Isn't that what it's all about? Well, Your Honor, I believe in the revocation proceedings, there are obviously a variety of other hearings. The initial appearance, the preliminary appearance. But an allocution is when you are sentencing someone. That's correct. All right. So if that was specifically added in, why doesn't that mean that revocation hearings are controlled by 32.1, where there's no ambiguity? It specifically states that. 32 is for sentencing. 32.1 is for revocation. Well, certainly, allocution is a sentencing issue, Your Honor, and I believe you're completely correct there. But just a minute. That's not what he's saying. He's saying allocution is also an issue for a revocation. You get to, first of all, you find out if there's a revocation, and then you give a sentence, and it's all part of the revocation hearing. And, therefore, you allow allocution at that point in time. And it's in the revocation hearing. It's not in the original sentencing. It's right in the hearing. Well, unfortunately, Your Honor, in the Southern District, there's been a pattern where those hearings have been divided. Well, there are all – I don't think that's just the Southern District. In Idaho, there's also some divisions. But it doesn't make any difference. It's all a part of the revocation, whether you take the plea at one time and the sentence at another. That also happens in the regular proceedings. We take a plea, and thereafter we do a sentence. That's all that's happened here. There's a plea in the revocation hearing, and then there was a sentence thereafter. And it's covered by 32.1. Oh, well, that's correct, Your Honor, and I was. I think the Court's on the same page. I guess I'm just trying to figure out how you can suggest that the 32.12, within a reasonable time, is silent. Well, Your Honor, to the extent it does not mention the timeliness issue specifically to sentencing, our position is that. Well, what do you mean it doesn't mention it as to sentencing? It says revocation hearing, which sentencing is a part of. That's why they added the allocution in that particular rule. And, Your Honor, well, to step back briefly, we do believe that even should the Court look at this case under Rule 32.1, that Ms. Reyes-Losa is nonetheless successful as to her arguments. Because it wasn't reasonable? Because the delay in this case was not reasonable. That's correct, Your Honor. Counsel, Judge Gould. Go ahead. Go ahead, Judge Gould. I don't want to interrupt you because you're. Counsel, I wanted to float an issue that's bothering me about your client's case, and that's this. Do we review the timeliness of the sentencing for plain error in this case or de novo? And the reason I ask is this. It's clear that your client objected procedurally to continuance, said, I'm ready to be sentenced today. And the Court went ahead, and then later after continuance, your client objected on procedural grounds as well as substantive. But still, at that first sentencing hearing, counsel did not advise the Court. We think Rule 32's provision to sentence without unnecessary delay applies. And it did not advise the Court of what you said today, that it's unreasonable to delay sentencing in order to give a consecutive sentence to the underlying crime. And so since the reasons for the objection were not given, why shouldn't we review this as plain error review? Thank you, Your Honor. Which I guess may add to your burdens. Well, I appreciate the question, Your Honor. And the reason this should be reviewed de novo is because the objection to the Court was made clearly. At this point in the proceedings, at that first originally scheduled hearing, Ms. Reyes, as Your Honor noted, had indicated her desire to make an admission. She had already pled guilty to the underlying criminal case that was the subject of that admission. And all the parties agreed that they were ready to go forward. The district judge announced, and this is to briefly quote from page 18 of the excerpt of record, the transcript. The district judge said, I intend to continue the matter until after August the 8th, because the sentence that I impose will be consecutive. That was the only reason announced. It was the only reason contemplated by any of the parties. And so that defense counsels, which was myself, Your Honor, the- But counsel, wait a minute. You're making that whole thing become the real issue here, is that there is a consecutive sentencing. The comments in Chapter 7 under, pardon me, under 18 United States Code 3584, and also the comments of the sentencing commission, the commission expressly states, it is the policy of the commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis for the revocation. So why is that? You're making it sound just simply, as soon as you decide to make it consecutive, that there's some type of error. When the commission and case law has indicated that any type of sentence that's going to be given pursuant to a TSR, a term of supervised release, which I think in and of itself is still part of a sentence generally, that it should come consecutively. Why is that your major problem that you have with the way the court handled this particular situation? Well, Your Honor, the first point I would make to that is that, first of all, there's no provision in the guidelines that insists that a revocation sentencing should occur after a criminal sentencing. Well, it doesn't have to insist. Nothing in their guidelines. Of course. We know now they are guidelines. They're not mandatory. But it says that it's the intent that it should occur. Well, actually, Your Honor, I would just point out very closely in the guidelines, and I'm reading from Section 7B1.3 in the fourth application note, the guidelines also say that, similarly, it is the commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively at any term of imprisonment upon revocation. So there's no debate that the guidelines encourage a sentencing judge, either in a criminal matter or at a revocation hearing, to impose their sentence consecutively to whichever hearing occurred first. But there's certainly no even implicit suggestion that one judge should continue their hearing to allow themselves to have that decision-making power other than as the cases were originally scheduled. I wish you'd go back to Judge Gould's question because I was going to ask it, and, of course, he, being more thoughtful, asked it first. I don't know how you can suggest this is other than plain error. There was nothing said at the hearing to suggest where you're going today. Your Honor, I'd like to answer your question. I see I have a brief amount of time left. Well, you've got a brief amount. Use it. Thank you, Your Honor. The reason we'd suggest that, and the point I was hoping to make, and I'm thankful to get back to that question, was it was plainly clear the judge had announced the reason for the continuance, and defense counsel objected to that continuance, saying that the parties were prepared to go forward. What he said was, I would object to their sentence on substantive and procedural grounds. I don't even know what he means. Well, Your Honor, that was at the final, ultimately scheduled hearing. But at the originally scheduled hearing, defense counsel said that we're actually prepared to admit and request immediate sentencing today. That's from the bottom of page 18.  Did he object? He did, Your Honor. Later, at the end of the hearing, and it was a very short hearing, he said, we're prepared to be sentenced today, and I can speak to that, and I will note my objection on those grounds, Your Honor. Due to the brevity of the hearing and the comments of the court, it was clear to all parties there was one reason for a continuance and one reason for an objection. In reading your briefs. Counsel, I think my question related to the fact that at that hearing, I guess if you were the lawyer there, you're advocating for your client and objecting to the continuance, but you did not tell the district court you cannot continue this just to tack your sentence on consecutively. The district court was not told that, so we get a novel issue here, and normally we don't want to review an issue that isn't presented to the district court. I don't see how the district court was presented with either an argument that Rule 32 rather than 32.1 applies, and so there can't be unnecessary delay. That was not said, and the district court didn't hear a statement from you then saying, you cannot continue this case even for two weeks. You can't continue it for two weeks. I guess under your theory, the court couldn't continue it for even a couple of days to get the other sentence first. And, Your Honor, I'd just like a brief moment, if I may, to respond to your question. Thank you. Your Honor, whether the court evaluates this for the delay being necessary or the delay being reasonable under either Rule 31 or 32, our objection and our grounds for prejudice is what was accomplished by the delay rather than the length of that delay, and what was accomplished was to enable that first district judge to control the decision, which he announced was a preordained decision that the sentence he imposed would be consecutive, allowing him to create and impose a lengthier overall sentence. I understand that, but let's say, for example, that at that first hearing you had said to the court, you know, you can't continue this just to do a consecutive sentence. You can continue it if you want to look at that underlying crime sentence and then decide what the length of your sentence will be or decide if you want to make it consecutive. But you can't do it solely to be consecutive. The judge may have given other reasons at the hearing if confronted with your current contentions. Well, Your Honor, the judge did give a reason before those contentions even needed to be made. Besides saying that the judge would impose a consecutive sentence in Ms. Reyes' case, he also announced a more general policy of his court that, and to quote at the bottom of page 18 again, I require that the underlying case be decided first. So if a consecutive sentence is forthcoming, it has something with which to be consecutive. But that doesn't say it's going to make it consecutive. He was very definite. I agree with that. He definitely had that on his mind. But what I'm saying is counsel did not tell him he couldn't do that, that the law is contrary to that. So that's why it seems to me we have a plain error situation. Okay, thank you. You've had your argument. Thank you, Your Honors. I'll listen to the appellee. May it please the Court, Jason Wandel for the United States. I'll focus my remarks this morning on the three issues which the Court raised during Ms. Reyes' presentation today. First, we agree with what appears the Court's position that plain error is the controlling standard of review. The law is such that Ms. Reyes, when she objected at the time of the first hearing, the first portion of the revocation hearing, Ms. Reyes' objection was not specific or definite enough to advise the Court of what its supposed error was. Because of that, the Court didn't have a chance to correct the error, and it should only be reviewed for plain error such that the error was obvious or clear under the Alano case. Secondly, we also agree that Rule 32.1 controls in this case. The facts are beyond dispute that Ms. Reyes did not admit the allegations until the August 12th hearing. She did not have her supervisory lease revoked until that hearing, and she was promptly sentenced at that same hearing. That's when the revocation hearing occurred. Rule 32.1 controlled throughout the proceedings. Finally, the third point that the Court's question Ms. Reyes on was essentially whether or not it was proper if Judge Thompson had indeed decided to continue it to sentence consecutively, whether that's proper. And we agree very much with what the Court suggested today that yes, that it is not, as Ms. Reyes calls, manipulation to plan to sentence a defendant consecutively for breaching the Court's trust. That indeed is what the Sentencing Commission envisioned when it made that recommendation, its policy statement in the guidelines in the introductory comments to Chapter 7. I'll note that 18 U.S.C. 3553 requires the Court to consider policy statements from the Sentencing Commission before sentencing on a supervised release violation. Not may, but shall. And based on the record we have before us, that's all that Judge Thompson, the District Court judge, had done at this point. There are other issues raised in the briefs. Do you suggest that Whitlock is controlling in this particular issue? I do, Your Honor. The thing that worries me just a little bit about that, and that's why I wanted you to speak about that, we did have the, just so I don't get it wrong, we did have the Harper case on the record in 1994, which said that the Rule 32.1 only regards whether we revoke or we don't revoke the supervised release, and that the Rule 32 governs what the sentence is. Then it came with Leonard. Leonard says that's baloney, it's all under the same rule, but it was a three-judge panel. It wasn't an en banc panel. I don't know what they did with Carper. I read through it to try to understand what they were doing. I don't know whether they saw Carper, or maybe they had a district judge that said, come on, that isn't the way it is and I'm not going to do it that way. I don't know. Then we came with Whitlock. So do we have this well in mind enough to be able to deal with this? I think we do, Your Honor. I think, as the Court indicated, in Carper, the Court definitely draws a distinction. Rule 32.1 governs revocation, and Rule 32 governs what sentence to oppose. That's what the Court said, but that was back in 1994. Seventeen years later, the Leonard Court, without reversing or overruling Carper, actually indicates that the sentencing procedures are primarily governed by 32.1. Also in 2011, when Whitlock was decided, the Whitlock Court, I believe to the satisfaction of all parties, then clarified by clarifying what Leonard said, is that only where 32.1 is silent may we look to Rule 32. That only is important. Rule 32.1 is what we look to. If it's not clear, then we can look to Rule 32. But in this case, as the Court has mentioned earlier, there is no dispute. There is no ambiguity in the situation. This was a revocation hearing, and that's what this case is about, and that's why Rule 32.1 is the only rule we have to go to. Counsel, Judge Gould with a question. What's the limiting principle here? Let's say the judge in the revocation hearing wants to delay the case, the sentencing for 12 months, to make sure there's sentencing on the underlying grant. Could he do that? Well, Your Honor, I hesitate to say no to any specific time, but I would say that at first blush that seems unreasonable length of time based on the case law at this point. I believe a reasonable standard in 32.1 would govern. So the facts are, would there be a reasonable basis to continue a case 12 months on a supervised release violation? I would say, to answer your court directly, that that might be a tough sell, 12 months being quite a long time. So let me give you another hypothetical. Let's say that at the first revocation hearing, the Court continues the case so that it can sentence consecutive to an underlying criminal sentence on the crime that caused the revocation. Now it goes to the other judge on the underlying crime. And let's say that judge, and they both know they're not allowed under current precedent to say something's going to be consecutive to a sentence that hasn't been given. So let's say that judge then says, well I'm going to continue my hearing until the revocation sentence happens because I want to make mine consecutive. You know what, in other words, this could go back and forth like a ping pong to the defendant then. Your Honor, Ms. Reyes actually suggests that in her opening brief, that this would create a possibility of leapfrogging. Judge of leapfrogging is the phrase that Ms. Reyes used. I don't think that's a real realistic concern, and I think because Rule 32 is going to govern the sentencing judge on the new convictions. Is there a necessary delay? And then the question will become whether or not wanting to get the last sentence in becomes necessary. Again, the continuous delays by the sentencing judge on the supervised release violation was the revocation held within a reasonable time. So to answer your question, the review would be a necessary delay for the new judge on the new crime and a reasonable amount of time on the supervised release. I don't have a firm number of days or months for you, Your Honor, but I do believe that at some point a review in court would look at that saying that the defendant is being prejudiced due to the amount of time that's passed. My question follows up on Judge Gould's question. If he has another question, I'd be glad to have you. My question follows up on that question. So the district court who is doing these two different kinds of hearings and maybe different judges doing each one of those makes their decision, and now I'm on appeal. What is my standard review as to those two decisions within a reasonable time or, on the other hand, a necessary delay? Assuming a timely objection was made by the appellant, I believe it is abuse of discretion, Your Honor. The questions of whether or not a judge continues a case and how the judge handles his or her calendar should be viewed for abuse of discretion. Which, in effect, says what? He's got to have no foundation for what he does, correct? Yes, Your Honor. All right. If the court has no other questions, I'm prepared to submit at this time. Thank you. Thank you. Given Judge Gould's previous idea with me, I think you better get another 30 seconds, Counselor. I'm functioning only under his good auspices. I do appreciate that, Your Honors. And I will keep myself to 30 seconds. I believe in our – and I just wanted to make one final point here. I believe in Ms. Rhea's opening brief and our reply. We spelled out many reasons why the purposes of this delay was both unnecessary and unreasonable. But I wanted to echo the point brought up by Judge Gould to the government that the government's proposed rule would also cause practical problems, not just this ping-ponging between judges. But I believe, Judge Gould, you were recently on the panel for the Montes Ruiz case, which said that a court cannot order its sentence to be imposed consecutively to an as-yet unimposed other sentence. And we submit that the solution to that court's order in Montes Ruiz cannot simply be that district judges are nonetheless authorized to then sous-spente, again, one after the other, to accomplish and circumvent the court's ruling in Montes Ruiz. Thank you. Thank you, Your Honors. All right, this case is submitted. Case 13-50404, USA v. Rhea Salosa. We'll now move to Lone Star Security v. City of Los Angeles, case 12-56279. That case is submitted on the briefs. We'll then move to Wimbledon Financing Master Fund and Stillwater Market Neutral Fund v. Molnar. That's case 12-56328. That case, again, is submitted on its briefs. And so we move to the last case of today, which is Victor Gonzalez v. Planned Parenthood of Los Angeles, case 12-56352.
judges: England, GOULD, SMITH